# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**JOSEPHINE ROBINSON**,
*Individually, and on behalf of herself and others similarly situated,*

Plaintiff,

v.    No. _____

**INTEPLAST GROUP CORPORATION,**    FLSA Opt-in Collective Action
*a Texas Corporation*, **MEDIRA INC.,**    **JURY DEMANDED**
*a Delaware Corporation, and*
**MEDEGEN MEDICAL PRODUCTS, LLC**
*a Delaware Limited Liability Company*,

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Josephine Robinson ("Plaintiff"), individually, and on behalf of herself and other similarly situated, brings this collective action against Inteplast Group Corporation, Medira Inc., and Medegen Medical Products, LLC, (collectively "Defendants") and alleges as follows:

## I.
## INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages owed to Plaintiff and other current and former employees of Defendants who are members of a class as defined herein.

## II.
## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has subject matter jurisdiction over Plaintiff's FLSA claims, as Plaintiff's claims are pursuant to a federal statute. 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district at all times relevant to this action, Defendants regularly conduct and continue to conduct business in this district, and have engaged and continue to engage in the wrongful conduct alleged herein in this district during all material times in this cause. For these same reasons, this Court has personal jurisdiction over Defendants, since personal jurisdiction is proper under Tennessee's Long Arm Statute, Tenn. Code Ann. § 20-2-214.

## III.
## CLASS DESCRIPTION

4. Plaintiff bring this action on behalf of the following similarly situated persons:

> All current and former hourly-paid employees of Defendants or any of their subsidiaries, who were paid an hourly wage plus shift differentials, and who were employed in the United States at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named

Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

## IV.
## PARTIES

5. Defendant Inteplast Group Corporation ("Inteplast") is a Texas for profit corporation with its principal place of business at 9 Peach Tree Hill Road, Livingston, New Jersey 07039. According to the Texas Secretary of State, Inteplast may be served process via their registered agent, Corporation Service Company, dba CSC – Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620m Austin, Texas 78701.

6. Defendant Medegen Medical Products, LLC ("Medegen") is a Delaware for profit limited liability company with its principal place of business at 9 Peach Tree Hill Road, Livingston, New Jersey 07039. According to the Tennessee Secretary of State, Medegen may be served process via their registered agent, Corporation Service Company, 2908 Poston Ave, Nashville, Tennessee, 37203.

7. Defendant Medira Inc. ("Medira") is a Delaware for profit corporation with its principal place of business at 9 Peach Tree Hill Road, Livingston, New Jersey 07039. Upon information and belief, Medira has never made a filing with the Tennessee Secretary of State. According to the Delaware Secretary of State, Medira can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

8. Plaintiff Josephine Robinson is and was a resident of this district and was employed by Defendants as an hourly-paid employee who received shift differentials. The Consent to Join of Ms. Robinson is attached hereto as *Exhibit A*.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## V.
## **ALLEGATIONS**

9. Inteplast is a company that manufactures a variety of polymer-based products, and sells and distributes them across the United States and Canada.

10. Medegen is an Inteplast wholly owned subsidiary, and is a leading manufacturer and sales provider of patient-care and medical products for acute care and alternate care facilities. Medegen owns and operates US-based manufacturing plants in Tennessee and West Virginia.

11. Medira is a subsidiary of Medegen. Medira issued paychecks to Plaintiff and the putative class.

12. Defendants constitute an integrated enterprise as that term is defined in the FLSA, 29 U.S.A. § 203(r).

13. As Plaintiffs' employer, Defendants set wage and hour policies, including employees overtime pay, commission pay, and overtime rates.

14. Defendants compensate their hourly-paid employees by paying an hourly pay rate plus a shift differential.

15. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

16. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

17. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.

18. Defendants have and continue to employ non-exempt, hourly-paid workers.

19. Defendants have and continue to employ a uniform payment structure for its hourly-paid employees which violates the FLSA's overtime policies because the shift differential payments earned by Plaintiff and those similarly situated employees are not included in such employees' regular rate when overtime payments are calculated.

20. Defendants failed to include shift differential payments in the regular rate of pay for Plaintiff and those similarly situated, resulting in underpayment of overtime on Plaintiff's base hourly rate rather than the regular rate as defined in Department of Labor regulation 29 CFR 778.207(b), which requires the inclusion of shift differentials in the regular rate when calculating overtime.

21. The net effect of Defendants' aforementioned plan is that Defendants willfully failed to pay Plaintiff, and other similarly situated employees the correct overtime premium pay for overtime work in order to save payroll costs. As a consequence, Defendants have violated the FLSA and has thereby enjoyed ill-gained profits at the expense of Plaintiffs and others similarly situated.

22. Plaintiff and other similarly situated individuals are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendants for all such unpaid overtime, which is available under the FLSA.

23. Because Plaintiff does not have access to her full pay records from the time she worked as Defendants' employee, Plaintiff cannot calculate the full amount of damages she is owed. Plaintiff believes that such information will be ascertained through discovery.

24. However, Plaintiff's damages will be easily ascertained through limited discovery. Plaintiff's damages are calculable as follows:

(a) For each week Defendants employed Plaintiff: combine the amount Defendants paid Plaintiff for all work, including Plaintiff's base rate of pay and any shift differential payments, and divide by the hours Plaintiff worked;

(b) the result from above is multiplied times 1.5, which is again multiplied by the number of hours that Plaintiff worked over forty (40) for the same week; and then

(c) this result is subtracted from the amount Defendants paid Plaintiffs for overtime work for the same week.

25. Plaintiff's damages are the amount specified in the paragraph above, liquidated, plus any interest, attorney's fees, or costs that the Court deems appropriate.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b).

27. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

28. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and can only be ascertained through applicable discovery, Plaintiff believes there are at least thousands of individuals in the class.

29. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class work or have worked for Defendants' on an hourly-plus-shift differential rate during the statutory period.

30. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Defendants properly calculated the overtime rates for its hourly-paid employees that receive shift differentials;

- The correct statute of limitations for the claims of Plaintiff and other members of the class;

- Defendants' affirmative defenses;

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

31. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and retained competent counsel who are experienced in collective action litigation.

32. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

33. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## FAIR LABOR STANDARDS ACT VIOLATION – OVERTIME

34. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 33 above as if they were set forth herein.

35. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all times relevant herein, Defendants have employed (and/or continue to employ) Plaintiff and members of the class within the meaning of the FLSA.

37. At all times relevant herein, Defendants have had a uniform plan, policy and practice of willfully refusing to pay Plaintiff and other members of the class appropriate overtime compensation for all of their hours worked.

38. Defendants knew or showed willful disregard for the fact that its compensation policies violated the FLSA since Defendants did not calculate Plaintiffs' overtime rate in accordance with federal regulations, nor did Defendants' compensation scheme ensure that Plaintiff would be exempt from the FLSA.

39. Due to Defendants' willful FLSA violations, as described above, Plaintiff and the other members of the class are entitled and, hereby seek, to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this

       action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.    An award of compensation for unpaid overtime wages to Plaintiff and the other members of the class at the applicable FLSA overtime rate of pay.

C.    An award of liquidated damages to Plaintiff and other members of the class;

D.    An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E.    An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F.    A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G.    Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated:  September 3, 2019                    Respectfully Submitted,

                *s/ Gordon E. Jackson*
                Gordon E. Jackson (TN BPR #08323)
                J. Russ Bryant (TN BPR #33830)
                Robert E. Turner, IV (TN BPR #35364)
                Nathan A. Bishop (TN BPR #35944)
                Robert E. Morelli, III (TN BPR #37004)
                **JACKSON, SHIELDS, YEISER & HOLT**
                Attorneys at Law
                262 German Oak Drive
                Memphis, Tennessee 38018
                Tel: (901) 754-8001
                Fax: (901) 759-1745
                *gjackson@jsyc.com*
                *rbryant@jsyc.com*
                *rturner@jsyc.com*
                *nbishop@jsyc.com*
                *rmorelli@jsyc.com*

                *Attorneys for Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*